## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

GARY SHAWN NICHOLSON,    )
    )
      Petitioner,    )
    )
v.    )
    )    **Case No. CIV-11-1286-R**
JAMES RUDEK, WARDEN,    )
    )
      Respondent.    )

## BRIEF IN SUPPORT OF MOTION TO DISMISS PETITION AS PETITIONER IS NOT IN CUSTODY AND/OR THE PETITION IS TIME BARRED

Comes Now the Respondent and in support of his Motion to Dismiss Petition for Writ of Habeas Corpus as Petitioner is not in custody and/or the petition is time barred, files the following argument and authority.  For the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant Petition.

## ARGUMENT AND AUTHORITY

Petitioner, Gary Shawn Nicholson, is currently incarcerated pursuant to Judgments and Sentences entered in the District Court of Tillman County where he pled guilty to count one, First Degree Burglary, and count two, Aggravated Assault and Battery on an Officer. Petitioner was sentenced to forty years with twenty years  suspended on each count, to be served concurrently with his plea of guilty to Uttering a Forged Instrument and two misdemeanor convictions out of Tillman County as well (See Offender Lookup record from the Department of Corrections attached as Exhibit 1).  Petitioner has not appealed these convictions he is currently serving.  In this habeas Petition, Petitioner is not challenging the

convictions he is currently serving.  Petitioner has served the four convictions he is challenging in this Petition; CRF-91-43A, CRF-94-68, CRF-96-92, CF-04-36 (See Offender Lookup record attached as Exhibit 1).

**A.  Petitioner is not in custody on the expired convictions he is challenging.**

Petitioner is challenging directly his convictions out of the district court of Tillman County where he pled guilty in Case Nos. CRF-91-43, CRF-94-68, CRF-96-92 and CF-04-36.  Habeas Corpus jurisdiction is authorized under federal law only where the petitioner is "in custody" in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  In *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989), the Supreme Court held that when a sentence has fully expired, the collateral consequences of that conviction are not sufficient to render a petitioner "in custody" for purposes of establishing habeas corpus jurisdiction.  Since Petitioner has discharged the sentences he is challenging in the Petition, he is no longer "in custody" and the Petition should be dismissed.  *See Lackawanna County Dist. Atty v. Coss*, 532 U.S. 394 (2001).[1]  A similar case was presented

---

[1]Respondent submits that if Petitioner was truly challenging the sentences he is serving, the Court may have jurisdiction to review the claim that an expired sentence was improperly used to enhance a sentence currently being served.  *See Lackawanna*, 532 U.S. at 403-04; *Maleng*, 490 U.S. at 493-94 (1989).  However, review would be limited to two narrow circumstances: where the expired conviction was obtained (1) without the assistance of counsel, or (2) under circumstances in which the petitioner "can[not] be faulted for failing to obtain timely review of a constitutional claim" because no avenue of review was available. *Id*, 532 U.S. at 404-05.  However, Petitioner has made no allegations of any collateral consequences and in fact, has not even attempted to appeal or challenge the convictions that he is currently serving.

in *Carthen v. Workman*, 121 Fed. Appx. 344, 346 (10th Cir. 2005)[2], where the Circuit found under the holding of *Maleng*, that the petitioner's current incarceration may satisfy the "in custody" requirement, and jurisdiction attached even when the petitioner identified the expired conviction as the one under attack.   Jurisdiction attaches, however, only when a petition is "construed with the deference to which pro se litigants are entitled, [it] can be read as asserting a challenge to the [current] sentences, as enhanced by the allegedly invalid prior conviction, . . . satisfy[ing] the 'in custody' requirement for federal habeas jurisdiction." *Id*. at 346 (citations omitted).   As the Circuit found in *Carthen*, since the defendant failed to come within the narrow exceptions, the case falls within the general rule precluding the use of § 2254 to attack expired convictions.   The same is true herein as Petitioner clearly attacks only the expired convictions and is not challenging the sentences he is serving or any alleged collateral consequences of the expired convictions.   Petitioner's only ground for relief states, "The trial court failed to advise petitioner of his post-guilty plea rights and offers no proof otherwise when challenged." (Petition at 5).   Petitioner is challenging the expired sentences directly and he is not in custody on these convictions and the Petition should be dismissed for lack of jurisdiction.

---

[2]Unpublished opinion cited for persuasive value only, pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

**B.  The Petition is time barred.**

Moreover, any challenge to Petitioner's expired convictions is time barred.  Petitioner pled guilty to Case nos. CRF-91-43, 94-68 and 96-92, on January 3, 1997 (Pleas of Guilty attached as Exhibit 2).  Under Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18. App. (Supp.1995), the Petitioner had 10 days from the time of his conviction to file an application to withdraw his pleas of guilty.  Petitioner did not move to withdraw his pleas of guilty.  Petitioner's sentence became final ten days thereafter on January 13, 1997, and he had one year thereafter to file the instant habeas petition, or on January 13, 1998.  28 U.S.C. § 2244(d)(1).

Regarding CF-04-36, Petitioner pled guilty on August 6, 2004 (Plea of Guilty attached as Exhibit 3).  Petitioner did not move to withdraw this plea and therefore, his conviction was final on August 16, 2004 and his year expired on August 16, 2005.  Petitioner did not seek post-conviction relief on any of  these convictions until November 22,  2010 (Post-Conviction Application attached as Exhibit 4).  This post-conviction filing clearly has no tolling effect on the statute of limitations as it was filed years outside of the statutory years.  The Tenth Circuit in *Hoggro v. Boone*, 150 F.3d 1223 (10th Cir. 1998), announced that a properly filed post-conviction application pending during the judicially created grace period or statutory year will toll the statute of limitations during this time.  Petitioner did not file for post-conviction relief during the statutory years.  Petitioner sought post-conviction years after his statutory years expired and therefore, his filing has no tolling effect on the statute of

4

limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (post-conviction applications filed after the expiration of the statutory year have no tolling effect).  This habeas Petition was filed on November 1, 2011.  This Petition is years out of time.

For all of the above and foregoing reasons, this Petition should be dismissed.  Petitioner is not in custody on the convictions he is challenging and this Court lacks jurisdiction to consider his claim challenging these expired cases.  Petitioner makes no allegations about the convictions that he is incarcerated upon presently.  Moreover, the statute of limitations expired on Petitioner's convictions and therefore, any challenge to these convictions is time barred.

Respectfully submitted,

**E. SCOTT PRUITT**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ DIANE L. SLAYTON**
**DIANE L. SLAYTON, OBA #11829**
**ASSISTANT ATTORNEY GENERAL**
313 NE 21st
Oklahoma City, OK  73105
(405) 521-3921 Fax 522-4534
Service email: fhc.docket@oag.state.ok.us
**ATTORNEYS FOR RESPONDENT**

5

## CERTIFICATE OF SERVICE

**X**  I hereby certify that on December 14, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**  I hereby certify that on December 14, 2011, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Gary Shawn Nicholson, #186120
OSR
PO Box 514
Granite, OK 73547

         **s/ DIANE L. SLAYTON**
         **DIANE L. SLAYTON**